```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
JOHN JOHNS,                         :
                                    :
          Petitioner,               :   Civ. No. 20-cv-1336 (NLH)
                                    :
     v.                             :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY, et al.,        :
                                    :
          Respondents.              :
_____:
```

APPEARANCES:

John Johns
532267-C
East Jersey State Prison
1100 Woodbridge Road
Rahway, NJ 07065

    Petitioner Pro se

Damon G. Tyner, Atlantic County Prosecutor
John J. Lafferty IV, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Blvd
Mays Landing, NJ 08330

    Counsel for Respondent

HILLMAN, District Judge

    Respondent Damon Tyner, Atlantic County Prosecutor, moves to dismiss John Johns' petition for writ of habeas corpus under 28 U.S.C. § 2254 as time barred.  ECF No. 1.  Petitioner opposes the motion and argues he is eligible for equitable tolling.  ECF No. 11.

The motion is now ripe for disposition.  For the following reasons, the Court will grant the motion to dismiss.

I.  BACKGROUND

Under Atlantic County Indictment No. 05-08-01618-I and 08-10-2297-I, the Atlantic County Prosecutor charged Petitioner with crimes stemming from robberies Petitioner committed with a co-defendant; the robberies on Indictment No. 05-08-01618-I occurred in Egg Harbor Township, New Jersey while those included in Indictment No. 08-10-2297-I occurred in Atlantic City, New Jersey.  ECF No. 9-2.  A jury trial commenced on the robberies out of Egg Harbor Township, New Jersey and Petitioner was found guilty on most charges.  ECF 9-23.  The court entered a judgment of conviction on July 18, 2008 for those charges.  ECF No. 9-23.  On June 25, 2009, Petitioner entered a guilty plea for the robberies out of Atlantic City.  ECF No. 9-24.

Petitioner appealed his conviction and sentences for both sets of robberies to the Superior Court of New Jersey, Appellate Division ("Appellate Division").  ECF No. 9-25; State v. Johns, No. A-2423-08, 2011 WL 1631124 (N.J. Super. Ct. App. Div. May 2, 2011).  On May 2, 2011, the Appellate Division affirmed Petitioner's convictions but overturned his sentence and remanded for resentencing because there was an insufficient basis for consecutive sentences.  Id.  Petitioner was resentenced on July 7, 2011; he then appealed for a second time.  ECF No. 9-26.

2

The Appellate Division agreed with Petitioner that the trial judge had exceeded the scope of the remand and improperly reconfigured his entire sentence and remanded again for resentencing. State v. Johns, No. A-1200-11, 2014 WL 1257062 (N.J. Super. Ct. App. Div. Mar. 28, 2014); ECF Nos. 9-27, 9-28.  The trial court then sentenced Petitioner a third and final time on June 20, 2014.  ECF No. 9-29.  Petitioner appealed for a third time, but the Appellate Division denied this final appeal on April 15, 2015.  ECF Nos. 9-30, 9-31.  The New Jersey Supreme Court denied the petition for certification on September 30, 2015.  ECF No. 9-32.  It does not appear Petitioner attempted to bring this case before the United States Supreme Court.

Petitioner filed for post-conviction relief ("PCR") in September 2016.[1]  ECF No. 9-35 at 4.  The PCR court conducted oral argument on July 6, 2018.  ECF No. 9-34.  On July 24, 2018, the PCR Court denied relief on the merits.  ECF No. 9-35.  Petitioner appealed to the Appellate Division, but the Appellate Division denied his appeal both on the merits and because it was time-barred.  State v. Johns, No. A-0704-18, 2019 WL 7287107 (N.J. Super. Ct. App. Div. Dec. 30, 2019); ECF No. 9-36.  The New Jersey Supreme Court denied certification on

---

[1] The PCR Court and Appellate Division did not provide an exact date of filing and only mention that the PCR petition was filed in September 2016.  The Court will assume the petition was filed September 1, 2016 to give Petitioner the maximum possible amount of time tolled under 28 U.S.C. § 2244.

3

March 26, 2020.  State v. Johns, 226 A.3d 1201 (N.J. 2020); ECF No. 9-38.  Petitioner filed the underlying petition for habeas corpus on January 3, 2020.  ECF No. 1.

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254.  See 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

New Jersey Court Rule 3:22-12 enumerates the specific limitations on when a defendant can file for post-conviction relief. It states: "no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged."  There is an exception if the defendant's direct appeal is still pending:

> A petition dismissed without prejudice pursuant to R. 3:22- 6A(2) because a direct appeal, including a petition for certification, is pending, shall be treated as a first petition for purposes of these rules if refiled within 90 days of the date of the judgment on direct appeal, including consideration of a petition for certification, or within five years after the date of the entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged.

Further, Gonzalez v. Thaler, 565 U.S. 134, 150 (2012), the Court held that if prisoners do not seek Supreme Court review, "judgment becomes final . . . when the time for pursuing direct review in this Court, or in state court, expires".

5

III.  DISCUSSION

December 29, 2015 date is the appropriate date to start the one-year statute of limitation because the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[2]  The New Jersey Supreme Court denied certification on Petitioner's appeal on September 30, 2015.  ECF No. 9-32.  Since he did not file a petition for writ of certiorari in the Supreme Court, Petitioner's conviction became final ninety days later, the time during which Petitioner could have filed a petition for writ of certiorari, December 29, 2015.  Unless some form of tolling applies, Petitioner's habeas petition was due one year later, on December 29, 2016.

A.  Statutory Tolling

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas, 359 F.3d at 262.  The question then becomes

---

[2] Neither party argues another subsection of § 2244(d)(1) applies.

6

whether Petitioner's PCR petition was properly filed under New Jersey law.

"[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "[T]he AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was 'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.'" Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (quoting Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999)).

Petitioner filed his PCR petition in state court in September 2016. ECF No. 6-21 at 3. However, that petition was time-barred because it was filed after New Jersey Court Rule 3:22-12's five-year deadline. "According to the PCR judge, his petition was not filed until September 2016, well past the five-year deadline following his 2008 judgment of conviction, and more than five years after [the Appellate Division] affirmed his conviction in May 2011." State v. Johns, No. A-0704-18, 2019 WL 7287107, at *3 (N.J. Super. Ct. App. Div. Dec. 30, 2019) (citing State v. Afanador, 697 A.2d 529 (N.J. 1997)).

If the habeas corpus petition were "properly filed," the time between September 1, 2016 and March 26, 2020 would have been statutorily tolled by § 2244(d)(2). However, a petition that is not

7

"properly filed" within the meaning of AEDPA does not toll the passage of time. When the New Jersey Supreme Court denied Petitioner's request for review on March 26, 2020, the Appellate Division's opinion that the PCR petition was untimely became the final decision of the state courts. An untimely habeas corpus petition is an improperly filed petition. Pace, 544 U.S. at 413. Petitioner's time to file a § 2254 petition continued to run until it expired on December 29, 2016. Petitioner did not file his habeas petition until January 3, 2020. ECF No. 1.

Petitioner argues that he filed a PCR petition in 2011 that was dismissed without prejudice on January 11, 2012 because his direct appeal was still pending. ECF No. 11 at 5. This petition does not toll the AEDPA period because AEDPA's year does not start until a conviction is final; Petitioner's conviction was not final until his time to file a petition for writ of certiorari expired on December 29, 2015. There was nothing for the 2011 petition to toll because the one year had not yet started.

This Court is bound by the state court's finding that the PCR petition was untimely under New Jersey law. See Carey v. Saffold, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had clearly ruled that Saffold's 4 1//2 month delay was 'unreasonable,' that would be the end of the matter ...."); Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003) ("[W]e are bound by the state court's finding that Merritt's second PCRA petition was untimely."). Because

8

the state courts clearly ruled that Petitioner's PCR petition was untimely, it was not properly filed within the meaning of AEDPA. The AEDPA statute of limitations started on December 29, 2015 and expired one year later one-year on December 29, 2016. Thus, the habeas petition filed on January 3, 2020 is time-barred.

B.  Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, ... but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Ross v. Varano, 712 F.3d 784, 802-03 (3d Cir. 2013)

Petitioner argues that he should receive equitable tolling, asserting that he has been diligently pursuing his rights. He asserts that he "filed for his Habeas Corpus while his Petition for Certification was pending because Petitioner only had two and a half months left on his one-year period." ECF No. 11 at 6. As set forth above, Petitioner has miscalculated the statute of limitations; the one-year expired well before he filed his § 2254 in January 2020.

Additionally, Petitioner does not describe any extraordinary difficulty he encountered which barred him from filing his habeas petition within the one-year statute of limitation.  Petitioner noted in Paragraph 12 in his habeas Petition to this Court his various grounds for habeas relief, which include: 1) warrantless arrest, fruits of the poisonous tree; 2) plea negotiations; 3) Wade Hearing; 4) lesser included offense; 5) AFIS Expert Testimony.  ECF No. 1 at 6-12, 18.  The issues Petitioner allege stem from pretrial motions or from aspects of his trial that he was aware of prior to the conclusion of his direct appeal.  It has nothing at all to do with why Petitioner did not file his habeas petition in a timely manner to this Court.  Petitioner's delay appears to be based on his miscalculation of the statute of limitations, and courts have consistently rejected arguments that mistakes in determining the due date of a habeas petition warrants equitable tolling.  See, e.g., Holland v. Fla., 560 U.S. 631, 651-52 (2010); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002).  As such, Petitioner is not entitled to equitable tolling.

C.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional

10

right."  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  Therefore, no certificate of appealability shall issue.

IV. CONCLUSION

For the foregoing reasons, this Court will grant the motion to dismiss.  An appropriate Order follows.


Dated: May 7, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

11